**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-1711**

─────────────

TASTEE TREATS, INCORPORATED,

        Plaintiff - Appellant,

     v.

UNITED STATES FIDELITY AND GUARANTY COMPANY,

        Defendant - Appellee.

─────────────

**No. 11-1771**

─────────────

TASTEE TREATS, INCORPORATED,

        Plaintiff - Appellee,

     v.

UNITED STATES FIDELITY AND GUARANTY COMPANY,

        Defendant - Appellant.

─────────────

Appeals from the United States District Court for the Southern District of West Virginia, at Beckley. Thomas E. Johnston, District Judge. (5:07-cv-00338)

─────────────

Argued: May 16, 2012             Decided: June 6, 2012

─────────────

Before AGEE and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

———————————

**ARGUED**: David Sean Hart, HAYDEN & HART, Beckley, West Virginia, for Appellant/Cross-Appellee.  Avrum Levicoff, LEVICOFF, SILKO & DEEMER, PC, Pittsburgh, Pennsylvania, for Appellee/Cross-Appellant.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tastee Treats, Incorporated, (Tastee Treats), a West Virginia corporation, brought this insurance coverage action against United States Fidelity and Guaranty Company (USF&G), a Maryland corporation, in the Circuit Court of Raleigh County, West Virginia, after USF&G denied Tastee Treats' claim that it was entitled to insurance coverage for damage to a Dairy Queen restaurant it owned in Huntington, West Virginia under an insurance policy (the Policy) issued to it by USF&G. The damage to the restaurant was caused by the collapse of two ninety-six inch culverts which were located near the restaurant and on property owned by the City of Huntington.

In its complaint, Tastee Treats sought a host of damages, including compensatory, consequential, and punitive damages, as well as attorneys' fees. Following removal of the case to the United States District Court for the Southern District of West Virginia, the parties engaged in pre-trial discovery.

On July 21, 2008, on cross-motions for summary judgment, the district court entered partial summary judgment for Tastee Treats in a memorandum opinion and order, holding that the damage to the Dairy Queen building caused by the collapse of the culverts was a covered loss under the Policy. In its opinion, the district court rejected USF&G's contention

3

that coverage was precluded under the Policy's earth movement exclusion. As a result, Tastee Treats received from USF&G approximately $50,000.00.

In an opinion dated November 29, 2010, the district court resolved the vast majority of Tastee Treats' claims. In particular, the district court held that Tastee Treats had not stopped operating within the appropriate period defined in the Policy, and, as a result, it could not recover for lost business income and that Tastee Treats could not recover for the value of the Dairy Queen building because the $650,000.00 settlement in a parallel state court action against the City of Huntington with the resultant abandonment of Tastee Treats' lease meant that Tastee Treats no longer had an insurable interest in the property. The district court further held that, viewing the evidence in a light most favorable to Tastee Treats, Tastee Treats still had potentially viable claims for extra expense coverage related to the costs incurred in dealing with the collapse of the culverts, as well as extra-contractual damages for attorneys' fees, annoyance, aggravation, and inconvenience.

At the specific request of Tastee Treats, the district court also permitted additional discovery related to bad faith and punitive damages. Following a telephonic status conference on December 3, 2010, the district court entered a scheduling order instructing the parties to complete all discovery requests

4

related to bad faith and punitive damages by December 21, 2010, and all such depositions by February 4, 2011. On December 20, 2010, Tastee Treats sent a letter to the district court requesting additional time to make expert disclosures related to bad faith damages. The district court granted Tastee Treats' request and directed that all such expert disclosures be made no later than January 28, 2011. In lieu of meeting that deadline, Tastee Treats filed a motion to extend the deadline, which the district court granted, and the deadline was revised to February 4, 2011. No further extension of any deadline was sought by either party or granted by the district court.

On February 8, 2011, USF&G filed a motion for summary judgment, arguing that the record contained insufficient evidence to show that Tastee Treats was owed extra expense damages under the Policy or suffered any other damages at all. Tastee Treats did not file a response to USF&G's motion. One month later, on March 8, 2011, USF&G filed a motion to dismiss the action because Tastee Treats failed to prosecute its case or comply with the district court's scheduling order and revisions thereto.

On March 16, 2011, the district court held a status conference to confer with the parties. At that status conference, Tastee Treats' counsel informed the district court that his prolonged disobedience was due to his involvement as a

5

scholastic wrestling coach. The district court vacated its current scheduling order and instructed Tastee Treats' counsel to file with the district court his requested relief, whatever that may be under the circumstances. Despite the district court's instruction, Tastee Treats filed nothing. On April 4, 2011, the district court entered an order instructing Tastee Treats to show cause why the case should not be dismissed within ten days. Tastee Treats finally responded on April 14, 2011, restating that its counsel was busy coaching wrestling and suggesting that a sanction less drastic than dismissal was appropriate.

On June 7, 2011, the district court entered a memorandum opinion and order resolving all remaining issues in the case. First, the district court dismissed the case for failure to prosecute, because Tastee Treats' extreme dilatory conduct for half a year was unacceptable and that no sanction less than dismissal would induce Tastee Treats to proceed in a timely and professional manner. In the alternative, the district court held that USF&G was entitled to summary judgment on the merits of all remaining issues.

On appeal, Tastee Treats takes issue with the district court's ruling that it was not entitled to damages for the annoyance, the aggravation, and the inconvenience it suffered, as well as attorneys' fees. Remarkably, Tastee Treats does not

challenge the district court's decision to dismiss the case for failure to prosecute. In its cross-appeal, USF&G claims the district court erred when it held that the Policy's earth movement exclusion did not preclude coverage for the damage to the Dairy Queen.

Having had the benefit of oral argument and having carefully reviewed the briefs, the record, and the controlling legal authorities, we are persuaded that the district court correctly decided each issue before it. Accordingly, we affirm the district court's judgment based substantially on the reasoning set forth in the district court's careful and thorough opinions. See Tastee Treats, Inc. v. United States Fid. and Guar. Co., No. 5:07-cv-00338, 2011 WL 2265541 (S.D.W.Va. June 7, 2011); Tastee Treats, Inc. v. United States Fid. and Guar. Co., No. 5:07-cv-00338, 2010 WL 4919606 (S.D.W.Va. November 29, 2010); Tastee Treats, Inc. v. United States Fid. and Guar. Co., No. 5:07-cv-00338, 2008 WL 2836701 (S.D.W.Va. July 21, 2008).

AFFIRMED